**Vitalii TRUBNIKOV, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–73266**

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

August 2, 2016

Roman Kesselman, Law Offices of Roman Kesselman, Bellevue, WA, for Petitioner.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dana Michelle Camilleri, OIL, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel ICE, San Francisco, CA, for Respondent.

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Vitalii Trubnikov, a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims and we review for substantial evidence the agency's factual findings. *Vilchez·v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

We reject Trubnikov's contentions that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's determination that Trubnikov's experiences in Ukraine, even considered cumulatively, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir. 2003) (being teased, harassed, and discriminated against without any significant physical harm did not compel finding of past persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

significant actual 'suffering or harm.'") (citation omitted). Substantial evidence also supports the agency's conclusion that Trubnikov failed to establish his fear of harm in Ukraine is on account of a protected ground. See *Padash v. INS*, 358 F.3d 1161, 1166–67 (9th Cir. 2004); *Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least 'one central reason' for persecution). Thus, his withholding of removal claim fails. *See Padash*, 358 F.3d at 1167.

Finally, substantial evidence supports the agency's denial of Trubnikov's CAT claim because he failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Ukraine. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.